UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,               :

                                             :

      -v-                                    :

                                             :           24-cr-417 (LJL)

RAMON RODRIGUEZ,                  :

      a/k/a "Pollo," and          :            ORDER

BRIAN HERNANDEZ,             :

      a/k/a "Malakai,"            :

      a/k/a "Mali Black,"         :

                     Defendants.      :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       The final pretrial conference in this matter is scheduled for Friday, March 13, 2026.  In advance of that conference, the Court attaches the jury charge it intends to use at trial.  The parties should be prepared to discuss the attached at the conference.

       SO ORDERED.

Dated:  March 10, 2026
         New York, New York                                LEWIS J. LIMAN
                                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

24 Cr. 417 (LJL)

RAMON RODRIGUEZ,
     a/k/a "Pollo," and
BRIAN HERNANDEZ,
     a/k/a "Malakai,"
     a/k/a "Mali Black,"

Charge

        Defendants.

## I.    Introductory Instructions

Members of the jury, you have now heard all of the evidence in this proceeding. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. We are near the point where you will undertake your vital function as jurors of deliberating. Now that the lawyers and Mr. Hernandez have made their closing arguments, I am going to instruct you about the law that governs the case. There are two parts to these instructions:

First, I will provide you with some general instructions about your role and about how you are to decide the facts of the case. These instructions would apply to just about any trial.

Second, I will give some specific instructions about the legal rules applicable to this particular case.

Then I will give you some final instructions before you begin your deliberations.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and that you concentrate. I ask you for your patient cooperation and attention. You

1

will notice that I am reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

You will be able to bring your copies of what I am reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.  I will also be distributing to you a verdict form in which to record your verdict. It will list the questions that you should consider, in the order you should consider them.

## A.    Role of the Court and Jury

I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.  You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

If anyone, including any attorney, states or has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any particular instruction alone as stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of the witnesses. You resolve any conflicts there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

## B.    Role of Counsel/Objections and Sidebars

Let me talk about the role of counsel and objections and sidebars. It is the duty of a party to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that anyone objected to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the parties and I had conferences at sidebar, out of your hearing. These conferences involved procedural and other matters. None of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

## C.      The Defendant's Privilege Against Self-Incrimination

A criminal defendant has a constitutional right under the Sixth Amendment to the United States Constitution to represent himself. The defendant's decision to exercise that right and represent himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case. You are not to draw any inferences from the defendant's decision to exercise his right to represent himself.

## D.      Presumption of Innocence and Burden of Proof

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case. Each of the defendants has pleaded not guilty. By doing so, the defendants deny the charges in the Indictment. Thus, the government has the burden of proving the charges against each defendant beyond a reasonable doubt. Each defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

4

The government has the burden of proof in this case.  The presumption of innocence is removed as to a defendant if and only if you, as members of the jury, are satisfied that the government has sustained its burden of proving the guilt of that defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proven with mathematical certainty.  The government's burden is to establish guilt beyond a reasonable doubt, not all possible doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant you are considering, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

**E.      What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.  You may also consider the stipulations of the parties as evidence.

A question put to a witness is not evidence.  Only their answer is evidence.  However, if I directed you to disregard an answer, you should not consider it as evidence. What the parties have said in their opening statements, closing arguments, objections, or questions is not evidence.  If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection.  If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

In that regard, let me remind you: Because Mr. Hernandez decided to act as his own lawyer, you heard him speak at various times during the trial, including in closing argument.  I want to remind you that when the defendant spoke during those parts of the trial, he was acting as his own advocate in the case, not as a witness, and thus his words are not evidence.  The only evidence in this case is the testimony of witnesses under oath and exhibits admitted into evidence.

Nothing I may have said during the trial or may say during these instructions about a fact should be taken as a substitute for your own independent recollection.  What I say is not evidence.  Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial

6

are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

**F.    Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether each defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

Many material facts, such as a person's state of mind, are not easily proven by direct evidence. Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G.    Redactions [IF APPLICABLE]

Some of the exhibits admitted into evidence include redactions of certain information. "Redacted" means that part of the document was taken out. There is nothing unusual or improper about such redactions. You are to concern yourself only with the part of the item that

8

has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

**H.     Transcripts [IF APPLICABLE]**

You have been provided with transcripts of audio recordings.  These transcripts are given to you in order to aid you in considering the evidence.  They are no better than the recordings on which they are based.  The transcripts are not themselves independent evidence; the audio recordings are the evidence.  It is for you to decide whether the transcripts are a correct representation of the audio recordings in evidence.  You are entitled to consider the transcripts if you find that they are of assistance to you in analyzing and understanding the evidence.

**I.     Stipulations [IF APPLICABLE]**

In this case you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact or set of facts are true, and you must regard such agreed facts as true.  It is for you to determine the effect or weight to give those agreed-upon facts.

**J.     Limiting Instructions [IF APPLICABLE]**

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

**K.     Improper Considerations**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom as I have just described it.  As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case.  In other words, you should not consult dictionaries or reference

9

materials, search the internet, websites, blogs, social media platforms, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not visit any location mentioned in this case for the purpose of investigating it. Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use any tools to communicate electronically with anyone about the case during your deliberations. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), Instagram, Threads, LinkedIn, Snapchat, TikTok, and YouTube.

If you become aware that any other juror is violating or has violated this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about either defendant's race, religion, national origin, ethnicity, sex, or age. As I have explained to you, all

10

persons are entitled to the presumption of innocence, and the government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendants if they are convicted. The duty of imposing a sentence in the event of conviction rests exclusively with the court, and the issue of punishment may not affect your deliberations as to whether the government has proven the defendant's guilt beyond a reasonable doubt.

Under your oath as jurors, you are not to be swayed by sympathy. I must make clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

Reasonable doubt is not whim or speculation. A doubt based on any of the impermissible considerations I have just outlined for you is not a reasonable doubt. Similarly, a guilty verdict cannot be based on any of those impermissible considerations. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## II.    Substantive Instructions

### A.        The Indictment

The defendants, Ramon Rodriguez and Brian Hernandez are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or

accusation. It is not evidence. Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses. The Indictment charges each defendant with four crimes, also known as counts.

Count One charges that in or about December 2023, Mr. Rodriguez and Mr. Hernandez conspired together and with other people to commit witness retaliation.

Counts Two, Three, and Four charge that on December 3, 2023, they retaliated against the alleged witness by attempting to murder him, by causing him serious bodily injury, and by taking action harmful to him.

You will note that the word "and" is used between charging words in the Indictment. For example, Count One charges that the defendants conspired to retaliate against a witness by attempting to kill the witness, causing bodily injury to the witness, and taking action harmful to the witness. You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or." Thus, it is enough, for example, that the evidence shows that the defendants conspired to attempt to kill the witness or cause him bodily injury or take action harmful to him.

B.        **Multiple Counts / Approximate Dates**

As I just indicated, the Indictment contains four counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate, unanimous verdict as to each count. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged. There is no significance to the order of the counts or to the number of counts charged.

12

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the date or date ranges alleged in the Indictment and the date or date ranges established by testimony or exhibits. Further, it is not required that the defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant participated in the charged crime.

### C.        General Definitions: Unlawfully, Knowingly, Intentionally, Willfully

Before I turn to a description of each offense, let me define several terms that I will use throughout these instructions. Those terms are unlawfully, knowingly, intentionally, and willfully.

Unlawfully simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proved by his conduct and by all the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

13

A person acts willfully when he acts intentionally and purposely with the intent to do something that the law forbids; that is, with the bad purpose to disobey or disregard the law. It is not necessary that the person knew he was violating a particular law; it is enough if he was aware that what he was doing was in general unlawful.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. You must consider the evidence and lack of evidence in making a determination as to the defendant's state of mind.

### D.          Count One: Conspiracy to Retaliate Against a Witness - Elements

As I said, Count One charges the defendant with participating in a conspiracy to retaliate against a witness by attempting to murder him, by causing him serious bodily injury, and by taking action harmful to him. Specifically – and I am now reading from the Indictment – Count One charges that:

"In or about December 2023, in the Southern District of New York and elsewhere, RAMON RODRIGUEZ the defendants, . . . willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit witness retaliation, in violation of Title 18, United States Code, Section 1513.

It was a part and object of the conspiracy that RAMON RODRIGUEZ and BRIAN HERNANDEZ the defendants . . . would and did (i) attempt to kill another person with intent to retaliate against a person for providing to a law enforcement officer information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1513(a)(1)(B); (ii) knowingly engage in conduct and thereby cause bodily injury to another person, and threaten to do so, with intent to retaliate against a person for information

14

relating to the commission and possible commission of a Federal offense given by a person to a law enforcement officer, in violation of Title 18, United States Code, Section 1513(b)(2); and (iii) knowingly, with the intent to retaliate, take action harmful to a person for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense in violation of Title 18, United States Code, Section 1513(e).

In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere: On or about December 3, 2023, RAMON RODRIGUEZ. and BRIAN HERNANDEZ, the defendants, stabbed, slashed, menaced, and threatened—and attempted to stab, slash, menace, and threaten—another individual (the "Victim") who they understood to be a cooperating witness in a federal case charged in the Southern District of New York."

A conspiracy, as charged in Count One, is a kind of criminal partnership: a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The essence of a conspiracy is an agreement, or understanding, to violate the law. It is separate and distinct from the crime that the conspirators agree to commit, and it is separate and distinct from any actual violation of a specific federal law, which are referred to as "substantive crimes."

Thus, in considering a conspiracy charge, you do not have to find that the actual substantive crime that is the object of the conspiracy was committed—here, an actual act of witness retaliation. In other words, you may find a defendant guilty of agreeing to retaliate against a witness even if the conspiracy was not successful and no witness retaliation took place. It is the agreement with others to commit the crime itself (along with the other elements of conspiracy) that the law forbids and defines as a crime.

15

In order to sustain its burden of proof with respect to this charge, the Government must prove two elements beyond a reasonable doubt as to the defendant you are considering:

First, that the charged conspiracy existed. That is, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to retaliate against a witness.

Second, that the defendant you are considering knowingly and intentionally became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to retaliate against a witness.

1.    First Element: Existence of the Conspiracy and Object of the Conspiracy

A "conspiracy" is just an agreement or understanding among two or more persons to violate the law. To show that a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth details of the plans and means by which the unlawful project is to be carried out or the part to be played by each conspirator. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. From its very nature, conspiracy is almost invariably characterized by secrecy and concealment, which makes detection difficult. Common sense will tell you that when people enter into a criminal conspiracy much may be left to the unexpressed understanding.

Thus, the agreement may be implicit. It is sufficient if two or more persons in some way or manner, impliedly or tacitly, come to a common understanding to violate the law. In other words, in order to find a defendant guilty of the conspiracy charged in the Indictment you must find that that defendant and at least one other person agreed to retaliate against a witness in at

16

least one of the ways alleged.  Express language or specific words are not required to indicate assent or attachment to the conspiracy.

Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that the conspiracy existed.  You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more people in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose, and you may draw reasonable inferences from those acts and conduct.

The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In considering whether a conspiracy existed, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, and that they agreed to work together in furtherance of at least one of the objectives of the conspiracy charged in the Indictment.

In addition, and as I previously noted, to prove the first element of the conspiracy charged, the Government must also show that there was an unlawful object or goal of the conspiracy. Count One of the Indictment charges the objective of the conspiracy was to retaliate against a witness by attempting to murder him, by causing him serious bodily injury, or by taking action harmful to him. I will instruct you on the elements of each of those objects when we get to Counts Two, Three, and Four.

2.      Count One – Second Element: Membership in the Conspiracy

If you conclude that the Government has established that the charged conspiracy existed, then you must consider whether the Government has proven, beyond a reasonable doubt, that the defendant you are considering knowingly and intentionally became a member of the conspiracy for the purpose of furthering the conspiracy's unlawful goal or goals.

To find that a defendant acted "knowingly" and "intentionally," you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing—that he took the actions in question deliberately and voluntarily. It is not necessary to find that he was fully informed of all the details of the conspiracy or knew all of its participants. He needs to know only one other member of the conspiracy and only one of its goals. He can join the conspiracy at any point and need not have received any benefit in return.

As you can see, this element concerns a person's state of mind. As I have already indicated, direct proof of state of mind is not always available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial

18

evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

When you come to decide, for example, whether a defendant agreed with at least one other person to retaliate against a witness, you need not limit yourself to just what he said, but you may also look at what he did and what others did in relation to him and, in general, everything that occurred.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

On the other hand, mere presence at a crime scene—and mere association or friendship between a defendant and a conspirator—does not make that defendant a member of the conspiracy, even if he knows that the conspiracy exists.  In other words, knowledge and association are not enough; a defendant must have intentionally participated in the conspiracy with the purpose of helping to achieve at least one of its unlawful goals.

You have heard testimony that Mr. Rodriguez and Mr. Hernandez are members of a gang, and that some other members of that gang are also alleged to have participated in the charged conspiracy.  I instruct you that the gang itself is not the conspiracy, and so membership in the gang is not sufficient to prove Mr. Rodriguez's or Mr. Hernandez's participation in the conspiracy to retaliate against a witness.  Rather, to prove either defendant's specific intent to

join the conspiracy the Government has to prove to you that that defendant engaged in purposeful behavior designed to further that conspiracy. Furthermore, such purposeful behavior must be more than mere knowledge, approval of, or acquiescence in the object or purpose of the conspiracy.

a.  Duration and Extent of Participation

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

3.    Count One: Liability for Act and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant, provided they were reasonably foreseeable to the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the individual who said the statement or did the act.

**E.    Counts Two, Three, and Four (Witness Retaliation)**

Counts Two, Three, and Four charge each defendant with committing different acts towards a witness in retaliation for the witness for providing information to law enforcement, and aiding and abetting the same. They read as follows:

21

Count Two: "On or about December 3, 2023, in the Southern District of New York and elsewhere, RAMON RODRIGUEZ. . . and BRIAN HERNANDEZ . . . the defendants, attempted to kill another person with intent to retaliate against a person for providing to a law enforcement officer information relating to the commission and possible commission of a Federal offense, to wit, RODRIGUEZ . . . and HERNANDEZ, while detained at the Metropolitan Detention Center in Brooklyn, New York, repeatedly slashed, stabbed, and attempted to slash and stab the Victim in the Victim's head, torso, and extremities, in close proximity to vital organs and arteries, and in a manner that threatened substantial blood loss and death, because they understood the Victim to be a cooperating witness in a federal case charged in the Southern District of New York."

Count Three: "On or about December 3, 2023, in the Southern District of New York and elsewhere, RAMON RODRIGUEZ . . . and BRIAN HERNANDEZ . . .  the defendants, knowingly engaged in conduct and thereby caused bodily injury to another person, and threatened to do so, with intent to retaliate against a person for information relating to the commission and possible commission of a Federal offense given by a person to a law enforcement officer, and attempted to do the same, to wit, RODRIGUEZ . . . and HERNANDEZ, while detained at the Metropolitan Detention Center in Brooklyn, New York, repeatedly slashed, stabbed, and attempted to slash and stab the Victim because they understood the Victim to be a cooperating witness in a federal case charged in the Southern District of New York."

Count Four: "On or about December 3, 2023, in the Southern District of New York and elsewhere, RAMON RODRIGUEZ . . . and BRIAN HERNANDEZ . . . the defendants, knowingly, and with the intent to retaliate, took action harmful to a person for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense, to wit, RODRIGUEZ . . . and HERNANDEZ, while detained at the

Metropolitan Detention Center in Brooklyn, New York, assaulted, menaced, and threatened the Victim because they understood the Victim to be a cooperating witness in a federal case charged in the Southern District of New York."

In order to prove a defendant guilty of these offenses, the government must prove each of the following elements beyond a reasonable doubt:

- First, that each defendant engaged in a particular action, or aided and abetted that action:
  - For Count Two, it is attempting to kill a witness.
  - For Count Three, it is engaging in conduct that caused or threatened a witness with bodily injury.
  - For Count Four, it is taking an action that was harmful to a witness.
- For all three of these counts, the second element the Government must prove is that each defendant acted knowingly, with the specific intent to retaliate against the witness for information the witness divulged to law enforcement authorities about a federal offense; and
- And for all three, the Government must prove, third, that an official to whom the witness divulged information was a federal agent.

1.    Counts Two, Three, and Four – First Element

Starting with the first elements of Counts Two, Three, and Four:

a.  Count Two: Attempting to Kill

For Count Two, the first element that the Government must prove, beyond a reasonable doubt, is that each defendant attempted to kill a witness.

In order to prove the charge of attempting to commit murder, the Government must prove beyond a reasonable doubt that each defendant intended to engage in the unlawful taking of

23

another person's life, and that each defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict a defendant of an attempt, you must find beyond a reasonable doubt that each defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether a defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or some form of devising, obtaining or arranging a means for its commission, is not enough, although some preparations may be of such a different degree or quality that they amount to an attempt. The question whether the defendant's actions, if any, have crossed the line from mere preparation into a substantial step toward the commission of the crime is for you alone to decide. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

b. Count Three: Conduct Causing/Threatening Bodily Injury

On Count Three, the first element that the Government must prove, beyond a reasonable doubt, is that each defendant engaged in conduct that caused or threatened a witness with bodily injury.

Bodily injury means a cut, abrasion, bruise, burn or disfigurement, physical pain, illness or the impairment of the function of a bodily member, organ or mental facility.  It includes any injury to the body no matter how temporary.

In this regard it is not necessary that a defendant himself caused the bodily injury.  It is sufficient if you find that a defendant knowingly participated in some activity that had the consequence or effect of injuring the witness.

Nor is it necessary to prove that the witness actually was injured; it is sufficient if the defendant knowingly threatened to cause bodily injury to the witness.  A threat is simply the expression of intention to do harm.  A threat may be communicated by words as well as gestures. In order to find that each defendant threatened to cause the witness bodily harm, you need not find that he intended to carry out the threat.

   c.  Count Four: Taking Harmful Action

Finally, on Count Four, the first element that the Government must prove, beyond a reasonable doubt, is that each defendant took an action that was in any way harmful to a witness.

2.     Counts Two, Three, and Four – Second Element

For Counts Two, Three, and Four, the Government must prove beyond a reasonable doubt that each defendant acted knowingly, with the intention of retaliating against the witness specifically due to their belief that the witness divulged information to law enforcement authorities about a federal offense.

An act is done knowingly if it is done voluntarily and purposely and not by accident or mistake.

In order to satisfy this element, it is not necessary for the Government to prove that each defendant knew he was breaking any particular law.  In addition, the intent to retaliate need not

have been the only reason, so long as it was a substantial motivating factor, behind the defendant's actions. The Government is not required to disprove that the defendant might have had any other reasons for his actions in addition to the intent to retaliate.

3.      Counts Two, Three, and Four – Third Element

The third element the Government must prove beyond a reasonable doubt for Counts Two, Three, and Four is that an official to whom the witness divulged information was a federal agent.

A federal agent means an officer or employee of the federal government authorized to prevent, investigate, or prosecute offenses, or serving as a federal probation officer. You are instructed that Special Agents of the Federal Bureau of Investigation are federal agents. Task Force Officers of the Drug Enforcement Administration are also federal agents.

In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular law.

## 4. Conspiracy

You may recall that I instructed you, as to Count I, that if you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant, provided they were reasonably foreseeable to the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge. You may find the defendant guilty of the substantive charges in Counts Two, Three, and/or Four on this basis.

26

### F.        Aiding and Abetting

I want to now instruct you on the concepts of aiding and abetting. Counts Two, Three, and Four charge each defendant with committing certain criminal acts and also with aiding and abetting the commission of those acts.

As to each of those crimes, each defendant can be convicted if he committed the crime himself. He can also be convicted if he aided and abetted someone else's commission of the crime. Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

In other words, it is not necessary for the Government to show that a person physically committed a crime in order for him to be held legally responsible for that crime. You may find that the defendant or a co-conspirator committed the substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime, and that the defendant or his co-conspirator aided and abetted that person in the commission of the offense.

27

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the individual willfully and knowingly associated himself in some way with the crime, and that the individual willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture, and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?
- Did he associate himself with the criminal venture knowingly and willfully?
- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

## G.    Venue

In addition to the elements that I have described for you, in order to convict a defendant on any count of the Indictment, you must also decide whether there is venue in the Southern

28

District of New York, which includes the Bronx and Manhattan. Under the statutes charged in the Indictment, venue exists in any district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

I should note that on this issue—and this issue alone—the Government's burden is not proof beyond a reasonable doubt, but only proof by a preponderance of the evidence. Thus, the Government has proven venue as to a count if you conclude that it is more likely than not that any act in furtherance of the crime charged in that count occurred in the Southern District of New York or the official proceeding that was intended to be affected was in the Southern District of New York.

By contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.

### H.    Limiting Instruction: Similar Act Evidence [IF APPLICABLE]

The government has offered evidence tending to show that on a different occasion, a defendant allegedly engaged in conduct similar to the charges in the indictment. In that connection, let me remind you that neither defendant is on trial for committing any act not alleged in the indictment. Accordingly, you may not consider evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar act as well, then you may—but you are not required—to draw an inference that in doing

29

the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons or that the acts charged in the indictment and the other conduct were part of a common plan or scheme committed by the defendant.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

### III.    Credibility of Witnesses

I'm now going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable or credible each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  How do you judge the credibility of witnesses?  There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. You should use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

30

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

## A. Interested Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying

your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**B. Prior Inconsistent Statements [IF APPLICABLE]**

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness testimony.

## C. Government/Law Enforcement Employees

You have heard the testimony of government employees and law enforcement officials. The fact that they are employed by the government does not mean that their testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. At the same time, in considering the credibility of such witnesses, you are entitled to consider whether their testimony may be colored by personal or professional interests in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of these government employee witnesses, and to give that testimony whatever weight, if any, that you find it deserves.

## D. Cooperating Witnesses

You have heard testimony from witnesses who entered into agreements to cooperate with the government. The government is permitted to enter into these kinds of agreements and is entitled to call cooperating witnesses. You may convict the defendant on the basis of a cooperating witness's testimony alone if you find that the testimony proves the defendant's guilt beyond a reasonable doubt.

You should examine the testimony of each of the cooperating witnesses with great care and caution. You should look at all of the evidence and decide what credence and what weight, if any, to give to each witness's testimony. You should ask yourself whether the witness would benefit more by lying or by telling the truth. Did the witness believe that his interest would be best served by testifying truthfully or falsely? If you believe that the witness was motivated by hope of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did that motivation color his testimony?

**E. Preparation of Witnesses**

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**F. Number of Witnesses**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. Keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent. At the same time, the government is not required to prove the essential elements of either offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what they have told you.

**G. Defendant as Witness [IF APPLICABLE]**

Neither defendant testified in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove

34

the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not speculate as to why either defendant did not testify.  There are many reasons why a defendant may decide not to testify.  You may not attach any significance to the fact that a defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against either defendant in any way in your deliberations in the jury room.

[ALTERNATIVE IF A DEFENDANT DOES TESTIFY] As I instructed you earlier, a defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, [INSERT DEFENDANT/S] did testify, and was subject to cross-examination, like any other witness.  You should treat their testimony as you treat that of any other witness.

## H. Uncalled Witnesses [IF APPLICABLE]

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the government bears the burden of proof; the defendant does not.  You should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

**I. Testimony of Experts [IF APPLICABLE]**

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**J. Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

**K. Particular Investigative Techniques Not Required [IF APPLICABLE]**

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they

36

did not use other techniques.  The government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

## IV.    Instructions Regarding Deliberations

Your function now is to weigh the evidence in this case and to determine if the government has sustained its burden of proof with respect to each count of the Indictment. You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  You have been chosen to reach a verdict on the basis of the evidence or lack of evidence.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

You are about to go into the jury room and begin your deliberations.  A list of exhibits that were received into evidence will be provided to you in the jury room.  A laptop computer with those exhibits will also be provided to you.  If you want any of the testimony read back to you, you may request that.  If you want to hear any of the testimony with the demonstrative aids, you may also request that.  If you want testimony read back to you, please try to be as specific as you possibly can, because the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your

37

request, and if they disagree, I must resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals or the court security officer.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you— request that the official trial transcript that has been made of these proceedings be read back to you.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced otherwise.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.  I say this not because I think it is necessary, but I remind you to be polite and respectful to each other, as I am sure you will be in the course of your deliberations, so that each juror may have his or her position made clear to all the others.

When you are deliberating, all twelve jurors must be present in the jury room.  A group of fewer than twelve jurors is just an assemblage of persons; it is not a jury.  If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs for the purpose of returning a unanimous verdict.

If you are divided, do not report how the vote stands.  If you reach a verdict do not report what it is until you are asked in open court.

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision.  Please use that form to report your verdict.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal or court security officer that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you.  All jurors must sign the form reflecting each juror's agreement with the

39

verdict. The foreperson should then advise the marshal or court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

At this time, the first twelve jurors will begin their deliberations in the case. The final jurors, who are alternates, will not deliberate at this time. Nevertheless, the alternate jurors are not quite excused. While the jury conducts its deliberations, you do not have to be in court, but you should give Mr. Fishman phone numbers where you can be reached, because it is possible that you could be needed to deliberate if a juror is unable to continue. Mr. Fishman will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me, through Mr. Fishman, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise. The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in this courtroom during the trial. Please accept my heartfelt gratitude for your service.

I am sorry that you will likely miss the experience of deliberating with the jury, but the law provides for a jury of twelve persons in this case.  So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.  Without discussing the case, you may also say your goodbyes to your fellow jurors.

\*        \*        \*

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

41